*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* J. M. JACKSON, Minor.

UNPUBLISHED
April 9, 2019

No. 345798
Saginaw Circuit Court
Family Division
LC No. 17-035146-NA

*In re* J. M. GRAYSON, JR., Minor.

No. 345949
Saginaw Circuit Court
Family Division
LC No. 17-035141-NA

Before: SWARTZLE, P.J., and CAVANAGH and CAMERON, JJ.

PER CURIAM.

In these consolidated appeals, respondent-mother appeals as of right the trial court's orders terminating her parental rights to the minor children, JMJ and JMG, under MCL 712A.19b(3)(c)(*i*) (conditions leading to adjudication continue to exist); (g) (failure to provide proper care or custody); and (j) (reasonable likelihood of harm if returned to parent).[1] We affirm.

## I. BACKGROUND

In February 2017, the Department of Health and Human Services (DHHS) filed petitions requesting that the trial court take jurisdiction over JMJ and JMG, while allowing the children to remain in respondent's care until trial. The petitions included allegations that respondent left the

---

[1] The term "respondent" as used in this opinion refers only to respondent-mother because the respective fathers of the two children are not involved in this appeal.

children alone overnight, that the children lived in a home without water service for nearly a month, and that respondent was unable to provide adequate food for the children.

Respondent entered a plea admitting several of the allegations and the trial court allowed the children to remain in respondent's custody. Shortly thereafter, respondent's home was found to contain high levels of lead. Respondent and the children entered a shelter, where they remained until May 2017, when they were asked to leave. The trial court placed the children in foster care and respondent entered into a parent-agency treatment plan to work on her areas of need, including parenting skills and emotional stability. The trial court required that, before she could reunify with her children, respondent attend parenting classes, provide a safe, clean home with working utilities, provide clean clothing for the children, show the children appropriate affection, and participate in therapy through the Infant Maternal Health program.

Over the course of 15 months, respondent showed limited improvement in some areas. She failed, however, to obtain housing or a source of income by which she could provide for the children. Respondent did not comply with the requirement of individual therapy and she eventually began testing positive for marijuana while pregnant with another child. Respondent also failed to complete her required parenting course, and her parenting-time supervisors reported that she did not show improvement in the area of parenting skills. Although respondent eventually enrolled herself in a substance-abuse program shortly before the termination hearings and argued that the program would help her rectify these issues, the trial court terminated respondent's parental rights in September 2018.

## II. ANALYSIS

"In order to terminate parental rights, the trial court must find by clear and convincing evidence that at least one of the statutory grounds for termination in MCL 712A.19b(3) has been met." *In re VanDalen*, 293 Mich App 120, 139; 809 NW2d 412 (2011). We review for clear error the trial court's finding that a ground for termination has been proven by clear and convincing evidence. *In re Trejo Minors*, 462 Mich 341, 356-357; 612 NW2d 407 (2000); MCR 3.977(K).

The trial court terminated respondent's parental rights under MCL 712A.19b(3)(c)(*i*), (g), and (j). On appeal, respondent challenges the trial court's finding that statutory grounds existed to terminate her parental rights under Subsections (3)(g) and (3)(j). Respondent fails, however, to challenge the trial court's finding that statutory grounds existed to terminate her parental rights under Subsection (3)(c)(*i*). This failure is fatal to respondent's appeal. Because respondent does not challenge this statutory ground on appeal, she has abandoned any argument that the trial court erroneously found that this statutory ground for termination existed. See *Riemer v Johnson*, 311 Mich App 632, 653; 876 NW2d 279 (2015); *In re JS & SM*, 231 Mich App 92, 98-99; 585 NW2d 326 (1999), overruled in part on other grounds by *In re Trejo*, 462 Mich at 353 n 10.

Even if respondent had not abandoned the issue on appeal, we would conclude that statutory grounds existed to terminate her parental rights under MCL 712A.19b(3)(c)(*i*). Termination of parental rights is proper under this statutory subsection when "the totality of the evidence amply supports that [the respondent] had not accomplished any meaningful change in

the conditions" that led to the trial court taking jurisdiction over the minor, *In re Williams*, 286 Mich App 253, 272; 779 NW2d 286 (2009), and "there is no reasonable likelihood that the conditions will be rectified within a reasonable time considering the child's age," MCL 712A.19b(3)(c)(*i*). In more than 15 months since the children's removal, respondent failed to accomplish any meaningful change in the conditions that led to the trial court taking jurisdiction over the minor children. *Williams*, 286 Mich App at 272. Given these circumstances, the trial court did not err by determining that there was no reasonable likelihood that the conditions would be rectified within a reasonable time considering the minor children's ages. MCL 712A.19b(3)(c)(*i*).

Because we conclude that termination was appropriate under MCL 712A.19b(3)(c)(*i*), we need not address the additional statutory grounds for termination. *In re HRC*, 286 Mich App 444, 461; 781 NW2d 105 (2009).

Affirmed.

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Thomas C. Cameron